[No. 2095.  Decided March 3, 1896.]

THE STATE OF WASHINGTON, *on the Relation of Horatio N. Belt, Respondent*, v. FRANK KIZER *et al., Appellants*.

MUNICIPAL CORPORATIONS — APPOINTMENT OF OFFICERS.

The appointment of a chief of police is not vested in a board of police by a provision in the charter authorizing such board to appoint the ". officers and men " of the police department upon their own motion, when such office is created by charter, and a general power is conferred upon the mayor to appoint all charter officers whose election or appointment is not otherwise provided for.

Appeal from Superior Court, Spokane County.— Hon. E. H. SULLIVAN, Judge.  Affirmed.

*Blake & Post*, and *James Dawson*, for appellants.

*George W. Belt, P. F. Quinn*, and *Frank H. Graves*, for respondent.

The opinion of the court was delivered by

GORDON, J.—The respondent is mayor of the city of Spokane, and the appellants Kizer, Wiscombe and Gill constitute the board of city commissioners and board of police of said city.  The question of determination on this appeal is whether the respondent, or the police board, has the power under the charter of that city to appoint the chief of police.  Sec. 92 of art. 7 of its freeholders' charter provides that the mayor shall appoint and the council confirm. " three freeholders and electors of the city who shall be designated as the city commissioners." Sec. 102 of art. 9 of the charter is as follows:

" Sec. 102 — A department of police is hereby established in the City of Spokane Falls, which shall consist of the City Commissioners acting as a Board

of Police, a chief of police and such officers and men as may be authorized by this charter or permitted by ordinance."

Sections 103 and 104 are as follows:

"Sec. 103 — The city council may by ordinance establish a detective force with such officers and men, as it may determine, but such officers and men shall be appointed by the Board of Police as herein provided for officers and men of the police force, and the detective force shall be entirely under the supervision of the Board of Police.

Sec. 104 — The Board of Police shall have a general supervision of the department of police, and shall appoint all of the officers and men of the police department, upon their own motion."

Section 9 of the charter as amended provides for the election in said city of a mayor, treasurer, comptroller and two councilmen from each ward, and further provides that "the corporation counsel, the city commissioners and such other officers now existing, and such other officers as may be necessary to fill any office hereafter created, to carry out the provisions of this charter, shall be appointed by the mayor, subject to confirmation by the city council." It will thus be seen that the power to appoint the city commissioners and board of police is by the charter vested in the mayor, as also is the authority to appoint all other officers of the city whose election or appointment is not by charter otherwise provided for. The city commissioners and members of the board of police are charter officers by virtue of § 92, *supra*, and no less so is the chief of police by virtue of § 102, *supra*. In other words, the charter requires that there shall be both a board of police, and a chief of police, but has left it with the legislative department of the city to determine whether there shall be other " officers and

men," and, if so, how many. The board of police are authorized by § 104 to appoint " all of the officers and men of the police department," and it is contended by the appellants that this section confers authority upon such board to appoint the chief, but we think that the words " officers and men " as used in that section refer to such officers and men as are provided for and rendered necessary by the ordinances, and that they convey no broader meaning as there used than that required to be given them in §§ 102 and 103. We do not think the mere fact that upon a single prior occasion a chief of police was appointed by the city commissioners and police board and served as such without contest from any source should be considered as of controlling importance. While the construction given by the municipal authorities to a particular charter provision is entitled to some weight, it cannot control where the language of the charter provisions are neither doubtful nor of uncertain import.

The judgment will be affirmed.

ANDERS, SCOTT and DUNBAR, JJ., concur.

HOYT, C. J., dissents.